## Case No. 6,528.

### In re HIRSCH et al.

[Cited in Re Henderson, 9 Fed. 198. Nowhere reported; opinion not now accessible.]

## Case No. 6,529.

### In re HIRSCH.

[2 Ben. 493;[1] 1 Am. Law T. Rep. Bankr. 92; 2 N. B. R. 3 (Quarto, 1).]

District Court, E. D. New York. July, 1868.

#### INJUNCTION—ATTACHMENT—JURISDICTION.

1. Where, previous to the passage of the bankruptcy act [of 1867 (14 Stat. 517)], an attachment had been issued out of the supreme court of the state of New York against the property of H., who made a motion to set aside the attachment, which was denied, and he appealed from the order denying his motion to the general term of the court, but the plaintiffs in the suit in the meantime proceeded to judgment and execution, under which funds levied on under the attachment had been paid to the sheriff and by him paid to the judgment creditor, so that, at the time of the passage of the bankruptcy act, no proceeding was pending in that suit except the appeal from the order above mentioned, and thereafter the judgment debtor filed his petition in bankruptcy and obtained an order from the bankruptcy court that the creditors show cause why they should not be restrained from enforcing their claim, with a stay of proceedings meantime, and before the order to show cause was returnable, the appeal in the state court above referred to, was called in its order and dismissed by the plaintiffs' attorney, he having had notice of the stay granted by the bankruptcy court, and a motion was thereupon made for an attachment against the judgment creditor and his attorney for disobedience of the stay: Held, that as that appeal, if successful, would not have affected the judgment which had been recovered against the bankrupt, or replace the money which had been paid to the creditor, or give the assignee in bankruptcy any right which he would not otherwise possess, the dismissal of the appeal could not be said to be a violation of the order of this court forbidding proceedings to enforce the plaintiffs' claim.

2. Whether a bankruptcy court has power to enforce the protection of the bankrupt against suits pending outside of the district, and brought by parties residing and being outside of the district, or how obedience to its orders is to be enforced outside of the district, Quere.

[Cited in Paine v. Caldwell, Case No. 10,674.]

This was a motion for an attachment against George Kretz, and Titus Eldridge his attorney, for a contempt, in disregarding an order of this court made in the above-mentioned bankrupt proceedings. The facts were as follows: The petition of the bankrupt [Francis A. Hirsch] was filed in the Eastern district of New York on the 22d day of May, 1868, and, upon the same day, the petitioner was declared a bankrupt. The proceedings in bankruptcy thereupon proceeded and were still pending, the bankrupt not having as yet received his discharge, and no assignee having as yet been appointed. Prior to any of these proceedings, and prior to the

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

passage of the bankruptcy act, George Kretz and a Dupont Davis had commenced an action against the bankrupt in the supreme court of the state of New York, and obtained an attachment against his property, by virtue of which a certain amount of money in the Bank of America, in the city of New York, had been attached. A motion was thereupon made in behalf of the bankrupt, in the state court, to set aside the attachment, which motion, at the time of the commencement of the bankruptcy proceedings, was pending before the general term of the supreme court, in the city of New York, upon an appeal taken by the bankrupt from an order denying the motion to set aside the attachment. The bankrupt thereupon applied to this court for an injunction to restrain further proceedings in the action in the state court and obtained an order directing the plaintiffs in that action to show cause, before this court, why all proceedings on the part of the said creditors to enforce the payment of their said claim, either by proceedings in the action aforesaid or otherwise, should not be stayed to await the determination of this court in bankruptcy on the question of the discharge of said bankrupt, and that, meanwhile, all proceedings of said plaintiffs to enforce the payment of their claim be stayed. Before the return day of this order, it happened that the appeal was called in its order upon the calendar of the state court, and was then dismissed by the plaintiffs' attorneys after notice of the stay granted by this court. This motion was made for an attachment against the creditors and their attorney for a contempt of this court in violating the stay.

BENEDICT, District Judge. The difficulties surrounding this proceeding, which were suggested to counsel upon the original application, and which impelled me to issue an order to show cause, with a stay meanwhile, instead of a peremptory injunction, have not been removed by the argument which has been had. There is certainly difficulty in holding that any provision of the bankruptcy act confers upon this court the power to issue an injunction which shall run into all the states in the Union, and be effective to stay proceedings which may be pending against the bankrupt in any court of any state. According to the theory of the judiciary act [1 Stat. 73], the jurisdiction of the district courts is limited to their respective districts. According to the theory of the various laws relating to the federal judiciary, the jurisdiction of the district courts is limited to their respective districts. The jurisdiction conferred upon these courts by the bankruptcy act is indeed an extended one, for the proper exercise of which it would seem necessary, in certain cases, that the orders of the bankruptcy court should run throughout the United States; but it is certainly difficult to affirm that this extended

power has been conferred by any of the provisions in the bankrupt law. If, however, it can be held that this power is necessary to the exercise of the jurisdiction expressly conferred, and therefore to be implied, and that when the bankrupt has surrendered all his property to a district court, before which alone his proceedings in bankruptcy can be considered to be pending, he has the right to look to that court for the protection against suits, pending the adjudication upon his petition, which the act expressly declares that he shall have, and which it is not easy to see that any other court can grant, and that every creditor of the bankrupt, wherever he may be, is a party to the proceedings under the petition, and therefore subject to the orders of that court, whether served in or out of the judicial district in which the petition was filed, still another difficulty arises in regard to the method of enforcing obedience to such orders by parties residing and being out of the judicial district, which is the present case. If an attachment be issued, to whom shall it be directed? I find no authority conferred upon this court to issue process to the marshal of any other district, directing him to arrest those persons and bring them before this court. In criminal cases, the practice in regard to delinquents out of the district is regulated by the 33d section of the judiciary act (1 Stat. 91), where it is provided that, for any crime or offence against the United States, the offender may be arrested wherever he may be found; and, if such arrest is within a district other than that in which the offence is to be tried, the judge of the district where the delinquent is arrested issues his warrant to the marshal of his district, directing the removal of the delinquent to the district where the trial is to be had. It might be that upon an attachment for contempt being ordered, the proceedings could be considered as thenceforth a criminal proceeding, and so the offender brought before the judge of the district where the arrest might be made, and then transferred to this court under the provisions of the judiciary act. But if not, then I do not see how this court can do more than issue its writ to the marshal of the district, to be executed only within this district. Such a proceeding, however, in this, as in most cases, would be entirely futile and unavailing as a means of enforcing the orders of the court, for the offenders do not reside in the district, and there is no evidence that they can ever be found therein. These difficulties I am not, however, required to solve in the present case by means of the facts shown upon the return of the order to show cause, for it appears that prior to the commencement of the action in the state court, the bankrupt had, by a general assignment, transferred all his property to an assignee for the benefit of his creditors. The money in the Bank of America would therefore pass to this assignee, if not bound by the attachment which was subsequently issued upon the commencement of the action in the state court, and would in no event pass to the assignee in bankruptcy when appointed. The action of the state court, moreover, as it now appears, had proceeded to judgment before the passage of the bankruptcy act, and the money attached in the bank had been paid to the sheriff, and by him paid to the plaintiffs upon the judgment and execution issued thereon, so that at the time of the commencement of the bankruptcy proceedings the only proceeding pending in the state court was an appeal taken by the bankrupt from an order denying a motion to set aside the attachment, and this appeal, if successful, would in no way affect the judgment which has been recovered in this action, nor would it retake from the plaintiffs the money received from the bank, nor would it give the assignee in bankruptcy any right which he would not otherwise possess. It therefore seems clear that no action of the plaintiffs in regard to this appeal would tend to enforce any demand against the bankrupt, nor deprive the assignee in bankruptcy of any property or right. When, therefore, the appeal being called upon the calendar for argument, the plaintiffs dismissed it for want of prosecution, the counsel for the bankrupt being present and not desiring to proceed, they cannot be said to have disobeyed the order of this court, which forbade all proceedings to enforce their said claim. The motion must, therefore, be denied.